Brian K. **MEYER**, Plaintiff,

v.

**FEDERAL BUREAU OF PRISONS, et al., Defendants.**

Civil Action No. 95–02350 (CRR).

United States District Court, District of Columbia.

Sept. 10, 1996.

Brian K. Meyer, pro se.

Rudolph Contreras, Assistant United States Attorney, with whom Eric H. Holder, Jr., United States Attorney, Washington, DC, appeared on the briefs, for defendants.

## MEMORANDUM OPINION OF CHARLES R. RICHEY UNITED STATES DISTRICT JUDGE

CHARLES R. RICHEY, District Judge.

### INTRODUCTION

Before the Court in the above-captioned case is the defendants' Motion to Dismiss or, in the alternative, for Summary Judgment, filed on February 16, 1996 in the above-captioned case. The plaintiff filed an Opposition thereto on August 2, 1996, to which the defendants Replied on August 15, 1996.

Based on the parties' pleadings, the entire record herein, and the law applicable thereto, and for the reasons expressed below, the Court shall grant the defendants' Motion to Dismiss the plaintiff's claims against the defendant Jones in his individual capacity for lack of personal jurisdiction. The Court also shall grant the defendants' Motion to Dismiss with regard to the plaintiff's Constitutional claims. The Court shall grant summary judgment for the defendants with respect to the plaintiff's Privacy Act claims and shall deny summary judgment with respect to the plaintiff's FOIA request as further provided herein.

### BACKGROUND

The plaintiff, a federal prisoner incarcerated at the Federal Medical Center at Rochester, Minnesota, is serving a 64-month prison sentence, with three years supervised release to follow, for the unlawful carrying of a firearm during and in relation to drug trafficking, and for the unlawful possession with intent to distribute marijuana. The plaintiff alleges that the defendant Bureau of Prisons ("BOP") and the defendant Michael Jones, an employee of the Federal Correctional Institution at Sandstone, Minnesota ("FCI–Sandstone"), violated his rights under the Privacy Act, 5 U.S.C. § 552a, the Freedom of Information Act, 5 U.S.C. § 552, and the United States Constitution.

With respect to his Privacy Act claims, the plaintiff alleges that the defendant BOP and the defendant Jones, plaintiff's case manager at FCI–Sandstone, failed to amend the plaintiff's file to remove erroneous information. The plaintiff alleges that his Custody Classification Form contained five errors: a listing of a detainer, a management variable regarding the detainer, a listing of an incident report, a listing of poor financial responsibility, and a listing of prior history of violence as "serious," which raises his custody level from minimum to low.[1] Compl. ¶ 10. The plaintiff alleges that the increase in his classification level to low somehow precluded him from receiving a reduction in his sentence. The plaintiff seeks an amendment to his record pursuant to the Privacy Act, as well as monetary relief in the amount of $1,000,000 for misuse of information in his record.

With respect to his FOIA claim, the plaintiff seeks the production of three pages of documents concerning conversations between the defendant BOP's staff and the Federal Bureau of Investigations ("FBI") and the United States Attorney's Office in the Southern District of Illinois allegedly contained in his file. Compl. ¶ 14. With respect to his constitutional claims, the plaintiff seeks the

---

1. Upon the plaintiff's objection, the plaintiff's Custody Classification Form listings have been changed. Def.St. of Mat'l Facts ¶ 4. The Custody Classification Form completed at FMC Rochester reveals that the plaintiff does not have a

detainer or management variable, that his financial responsibility is "average," and the Form does not reflect an incident report. Buege Decl., Exh. 4.

cessation of alleged violations of his right to access to the courts, to his mail, and to unmonitored conversations with legal counsel. The defendant also seeks a Court-ordered investigation into alleged racially and religiously motivated misconduct by the defendant Jones.

## DISCUSSION

**I. THE COURT SHALL DISMISS THE PLAINTIFF'S CLAIMS AGAINST THE DEFENDANT JONES IN HIS INDIVIDUAL CAPACITY PURSUANT TO FED. R.CIV.P. 12(b)(2); THE COURT DOES NOT HAVE PERSONAL JURISDICTION OVER THE DEFENDANT JONES BECAUSE JONES IS NOT ALLEGED TO HAVE CONDUCTED ANY BUSINESS OR MADE ANY CONTRACTS IN THE DISTRICT OF COLUMBIA, NOR IS HE ALLEGED TO HAVE HARMED THE PLAINTIFF IN ANY WAY IN THE DISTRICT OF COLUMBIA.**

The District of Columbia's long-arm statute, D.C.Code § 13–423, is the only basis upon which personal jurisdiction may be obtained over defendants who do not reside within or maintain a principal place of business in the District of Columbia. *Reuber v. United States,* 750 F.2d 1039, 1049 (D.C.Cir.1984). The statute provides that a court in the District of Columbia may exercise personal jurisdiction over a defendant with regard to a claim arising from the defendant's conduct in:

(1) transacting any business in the District of Columbia;

(2) contracting to supply services in the District of Columbia;

(3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;

(4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he [or she] regularly does or solicits business, [or] engages in any other persistent course of conduct ... in the District of Columbia.

D.C.Code § 13–423(a)(1)–(4).

The plaintiff alleges that the defendant Jones resides in Minnesota. The plaintiff does not allege that Jones entered into any business transactions or contracts in the District of Columbia. Nor does the plaintiff allege any injury that he incurred in the District of Columbia because of the defendant Jones. The plaintiff does assert in his Opposition to the defendants' Motion to Dismiss that the defendant Jones "did by use of wire, mail, telecommunications (FTS), fax, computer line (Sentry), being an employee of the Federal Bureau of Prisons did/does conduct business in the District of Columbia, both through it and within it." Plaint's Rebuttal at 1. However, such an allegation is not supported by any evidence of record. Moreover, the plaintiff must show that the claim that is the subject matter of the complaint arose out of the defendant's transacting such business in the District of Columbia, *Dooley v. United Technologies,* 786 F.Supp. 65, 71 (D.D.C.1992), and that the Court's exercise of personal jurisdiction would not offend "traditional notions of fair play and substantial justice." *International Shoe v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). Plaintiff has made no such showing.

There simply is no basis for the Court to exercise personal jurisdiction over the defendant Jones consistent with the D.C. Long Arm Statute or with due process as set forth in *International Shoe.* Absent personal jurisdiction, the Court need not address the other deficiencies raised by the defendants regarding the plaintiff's claims against the defendant Jones in his individual capacity.

**II. THE COURT SHALL DISMISS THE PLAINTIFF'S CONSTITUTIONAL CLAIMS AGAINST THE DEFENDANT FEDERAL BUREAU OF PRISONS AND THE DEFENDANT JONES IN HIS OFFICIAL CAPACITY FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R.CIV.P. 12(b)(6).**

In his complaint, the plaintiff has included a conclusory allegation concerning the defendants' alleged interference with the plaintiff's activities while incarcerated. Specifically, the plaintiff states "Plaintiff Meyer was denied access to 'unmonitored attorney calls' until after certain court matters had gone by and it is strongly believed that the

U.S. Mails are and have been diverted both incoming and outgoing, additionally it is believed that there are persons of the Defendant class whom are 'reporting' the actions of the plaintiff to someone." Compl. ¶ 27.

With this allegation, the plaintiff has failed to specify how, even if certain of his activities were monitored, he has been prejudiced thereby. He does not specifically allege, for example, how his right of access to the Courts was in any way impaired. The plaintiff simply does not have the right to be free of all monitoring by the Bureau of Prisons and its officials while he is incarcerated. *See Jones v. N.C. Prisoners' Labor Union, Inc.*, 433 U.S. 119, 125, 97 S.Ct. 2532, 2537–38, 53 L.Ed.2d 629 (1977) ("The fact of confinement and the needs of the penal institution impose limitations on constitutional rights ... which are implicit in incarceration."); *Procunier v. Martinez*, 416 U.S. 396, 413, 94 S.Ct. 1800, 1811, 40 L.Ed.2d 224 (1974) ("[T]he legitimate governmental interest in the order and security of penal institutions justifies the imposition of certain restraints on inmate correspondence.").

The plaintiff also has complained that the defendant Jones "has been observed by several other inmates as somewhat racially inclined against white individuals and for some reason very negative towards Jewish individuals." Compl. ¶ 26. Likewise, this vague and conclusory allegation, which does not assert any particularized injury to the plaintiff, fails to state a claim.

## III. THE COURT SHALL GRANT SUMMARY JUDGMENT FOR THE DEFENDANT FEDERAL BUREAU OF PRISONS AND THE DEFENDANT JONES IN HIS OFFICIAL CAPACITY ON THE PLAINTIFF'S PRIVACY ACT CLAIMS.

Summary judgment is appropriate when there is "no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "The inquiry performed is the threshold inquiry of determining whether there is a need for trial—whether, in other words, there are any genuine issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). In considering a motion for summary judgment, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in the non-movant's favor. *Id.* at 255, 106 S.Ct. at 2513. However, Rule 56 requires that the non-movant go beyond the pleadings and by affidavits, depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

A. *The plaintiff is not entitled to an amendment of his Custody Classification Form because it is excluded by regulation from the amendment provisions of the Privacy Act.*

The primary function of the Privacy Act is to require agencies to maintain accurate "systems of records." 5 U.S.C. § 552a(a). As such, the Act provides that agencies retaining records used in making determinations about individuals must keep those records "with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination." 5 U.S.C. § 552a(e)(5). Consequently, the information kept within these systems of records is available for review and subject to request for correction of information believed to be inaccurate, irrelevant, untimely, or incomplete. 5 U.S.C. § 552a(d)(1)–(2). Indeed, the Act authorizes a private right of action in federal court when an agency refuses to amend an individual's record in accordance with his request or fails to maintain his records with the requisite level of accuracy, relevance, timeliness, or completeness necessary to assure fairness in determinations regarding the individual and an adverse determination is made with respect to the individual. 5 U.S.C. § 552a(g)(1)(A), (C).

The agency obligations created by the Privacy Act are not absolute, however, since the Act allows agencies to exempt particular systems of records from its amendment require-

ments. 5 U.S.C. § 552a(j)(2). Accordingly, the BOP has exempted certain systems of records from the amendment requirements. *See* 28 C.F.R. § 16.97(a); *Sellers v. Bureau of Prisons,* 959 F.2d 307, 309 (D.C.Cir.1992). Among the systems of records exempted by the BOP from the amendment requirements of the Privacy Act are the systems of records in which the plaintiff's Custody Classification Form are contained. Because the plaintiff has failed to put forth any evidence that these records have not been properly exempted from the amendment requirements, summary judgment for the defendants must be granted with respect to this claim.

B. *The plaintiff is not entitled to damages based on the willful misuse of inaccurate information because such a claim is barred by res judicata and also is meritless.*

■ The plaintiff raises an issue concerning the increase of his custody level from minimum to low based on an offense conduct involving violence, that is, pointing a loaded .45 caliber weapon at a law enforcement officer. The defendant claims he is entitled to damages based on his assertion that this was a willful misuse of inaccurate information that resulted in a determination to his detriment.

In a Memorandum Opinion and Order dated February 16, 1995, Judge Joyce Hens Green of this Court examined the accuracy of the same statement at issue here. Judge Green held that, although Mr. Meyer had not been convicted of "aggravated assault," the information on his classification form that listed his "VIOLENCE" element as "< 5 YRS SERIOUS" was accurate. *Meyer v. Federal Bureau of Prisons,* Civ. No. 94–0053, slip op. at 8 (Feb. 16, 1995) (Green, J.) (Mem. Op. and Order). Judge Green noted that "Mr. Meyer was convicted of reckless conduct on July 3, 1990 for 'pointing a loaded .45 caliber pistol at a police officer.' " *Id.* at n. 8. Judge Green held that this conduct clearly could be classified as "intimidation involving a weapon" and, therefore, "serious." *Id.* at 9. The plaintiff cannot now relitigate the fact that the conduct for which he was convicted, pointing a loaded .45 caliber pistol at a police officer, was inaccurate. Thus, the

plaintiff's claim in this regard is barred by res judicata.

■ Moreover, the plaintiff has not produced any evidence that the allegedly improper rating resulted in a determination that was adverse to him. There is no evidence, other than his allegations, that the classification deprived him of the right to a lesser sentence, credits, or camp placement. The plaintiff was placed in a residential drug treatment program on November 29, 1995. Jones Decl. ¶ 8. The documents attached to his Opposition do not indicate that his rating has factored into his consideration for early release or that a determination in that regard has even been made. Finally, the defendant was considered inappropriate for camp placement before his custody classification was raised. *Id.* ¶ 9. Thus, the plaintiff's claim fails on its merits as well.

**IV. SUMMARY JUDGMENT WILL BE DENIED WITH RESPECT TO THE PLAINTIFF'S FOIA CLAIM BECAUSE A GENUINE ISSUE OF MATERIAL FACT MAY EXIST AS TO THE THREE DOCUMENTS IDENTIFIED IN AN OCTOBER 20, 1995 BOP MEMORANDUM.**

■ The plaintiff requests, pursuant to the FOIA, three pages of documents of conversations between the BOP staff and the FBI and the United States Attorney's Office in the Southern District of Illinois. The defendants have stated that it appears that documents between the FBI and the United States Attorney's Office in the Southern District of Illinois do not exist. *See* Decl. of Angela Buege, ¶ 3. However, this statement does not specifically address the plaintiff's request. The Court cannot say at this time that the documents that the plaintiff seeks between BOP staff and the FBI and U.S. Attorney's Office in the Southern District of Illinois do not exist, in light of a Memorandum dated October 20, 1995 from Angie Buege, Paralegal, FCI Sandstone, MN to Gary Roberts, Paralegal Specialist, North Central Region, which indicates that 3 such pages may exist. Because of this one apparent inconsistency in the record, further briefing is required. Accordingly, the Court shall deny summary judgment on the plaintiff's

FOIA claim and shall order further briefing on the *narrow* issue whether these three pages exist and are releasable to the plaintiff.

## CONCLUSION

For the reasons set forth in the foregoing Memorandum Opinion, the Court shall grant the defendants' Motion to Dismiss the plaintiff's claims against the defendant Jones in his individual capacity for lack of personal jurisdiction. The Court also shall grant the defendants' Motion to Dismiss the plaintiff's Constitutional claims against the defendants. The Court shall grant the defendants' Motion for Summary Judgment with respect to the plaintiff's Privacy Act claims and shall deny the defendants' Motion for Summary Judgment with respect to the plaintiff's FOIA claim so that the narrow issue concerning the 3 pages identified above further can be addressed. The Court shall issue an Order of even date herewith, consistent with the foregoing Memorandum Opinion.

## ORDER

For the reasons set forth in the Court's Memorandum Opinion of even date herewith, it is, by the Court, this 10th day of September, 1996,

ORDERED that the defendants' Motion to Dismiss the plaintiff's claims against the defendant Jones in his individual capacity for lack of personal jurisdiction shall be, and hereby is, GRANTED; and it is

FURTHER ORDERED that the defendants' Motion to Dismiss the plaintiff's Constitutional claims against the defendants shall be, and hereby is, GRANTED; and it is

FURTHER ORDERED that the defendants' Motion for Summary Judgment shall be, and hereby is, GRANTED in part and DENIED in part, more specifically, judgment is hereby entered for the defendants with respect to the plaintiff's Privacy Act claims; and it is

FURTHER ORDERED that the defendant shall file further briefing with respect to the 3 pages identified in the Court's Memorandum Opinion of even date herewith on or before 4:00 p.m. on September 20, 1996, to which the plaintiff must respond on or before 4:00 p.m. on September 25, 1996; and it is

FURTHER ORDERED that the plaintiff's Motion for Appointment of Counsel shall be, and hereby is, DENIED.